UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICKI DALE DIERENFELDT, et al.,
    Plaintiffs,
v.
ST. JOSEPH HOSPITAL EUREKA, et al.,
    Defendants.

Case No. 18-cv-02101-WHO

**ORDER DECLINING SUPPLEMENTAL JURISDICTION; REMANDING CASE TO HUMBOLDT COUNTY SUPERIOR COURT**

Having dismissed the federal defendant from this case – whose presence was the only hook for federal jurisdiction asserted in the Notice of Removal and the Second Amended Complaint (Dkt. No. 56) – I issued an Order to Show Cause why I should not decline supplemental jurisdiction over the state law claims and remand.

Defendant Blue opposed remand on the basis of efficiency, but his motion for summary judgment was not opposed and was granted. He is no longer in the case.

Plaintiffs responded, but did not address why I should exercise supplemental jurisdiction. Dkt. No. 102. Instead, they asserted that diversity jurisdiction exits because plaintiffs, apparently, now live in Missouri and defendants reside in unspecified "different states." Dkt. No. 102. However, diversity of citizenship was not raised in the Notice of Removal nor in plaintiffs' Second Amended Complaint filed in June 2018. SAC, Dkt. No. 56. In fact, in their SAC plaintiffs expressly pleaded that, "Plaintiffs, at all times herein mentioned were, citizens of and residents within the State of California, and the Defendants, and each of them, are now, and at all times herein mentioned were, citizens of and residents within the State of California." SAC ¶ 3. Diversity jurisdiction is determined at the time a complaint is filed or removed to federal court, and cannot be based on citizenship changes that post-date the filing of the complaint or notice of removal. *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir.

2013) ("The jurisdiction of a federal court under 28 U.S.C. § 1332(a) depends on the citizenship of the parties at the time the action is commenced."); *see also* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2C-5 at § 2:1577.

As I have not invested a significant amount of time in this case and the only claims are state law medical malpractice and loss of consortium claims that were originally filed in Humboldt County Superior Court, I will not continue to exercise supplemental jurisdiction over the claims in this case. This action is HEREBY REMANDED to Humboldt County Superior Court.

**IT IS SO ORDERED.**

Dated: May 6, 2019

William H. Orrick
United States District Judge